IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

    vs.                           *      CRIMINAL NO. MJG-11-0494
                                                    (Civil Action No. MJG-14-2573)
DAVID HOWARD, ET AL.              *

*      *      *      *      *      *      *      *      *

## DECISION DENYING § 2255 MOTION

The Court has before it Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 271].  The Court finds that a hearing is unnecessary.


I.  BACKGROUND

On September 6, 2012, Petitioner was convicted on a plea of guilty to one count of conspiracy to interfere with commerce by robbery (Count 1) and two counts of the use and brandishing of a firearm in furtherance of a crime of violence (Counts 10, 13).  The plea agreement included, pursuant to Rule 11(c)(1)(C), an agreement to a total sentence of 384 months plus one day.  On January 22, 2013, the Court accepted the agreement and sentenced Petitioner to 1 day on Count 1, 84 months in Count 10 and 300 months on Count 13, all consecutive for a total of 384 months plus one day. See Judgment [ECF No. 181].

On December 5, 2012, Petitioner filed a Motion to Withdraw Guilty Plea [ECF No. 128-1].  On January 22, 2013, the Court denied the motion.  Tr. 56:9, Jan. 22, 2013, ECF No. 204.

On February 5, 2013, Petitioner filed a Notice of Appeal [ECF No. 185].  On December 18, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence.  United States v. Howard, 549 F. App'x 164 (4th Cir. 2013).

By the instant Motion, timely filed, pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his conviction and sentence vacated.

II.  DISCUSSION

Title 28 U.S.C. § 2255 provides, in pertinent part:

> a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . .  or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A.   <u>Claims Resolved on Direct Appeal or Defaulted</u>

Subject to exceptions not here relevant,[1] a section 2255 proceeding may not be used to relitigate questions that were raised and considered on direct appeal. <u>See</u> <u>United States v. Wiley</u>, 245 F.3d 750, 752 (8th Cir. 2001).   Moreover, subject to exceptions not here relevant,[2]  a claim is "procedurally defaulted" if it is the type of claim that "can be fully and completely addressed on direct review based on the record created" in the trial court, but was not raised on direct appeal.  <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998).

By the instant motion, Petitioner seeks to relitigate grounds for relief presented to, and resolved by, the appellate court.  He cannot do so.

Petitioner's Notice of Appeal specifically referred to the denial of his Motion to Withdraw his Guilty Plea [ECF No. 128-1],[3] a motion presenting contentions that he had not had the effective assistance of counsel in regard to his pleading guilty.

---

1    <u>I.e</u>. an intervening change in law or a showing of actual innocence.  Petitioner has not made a showing of actual innocence.
2    <u>I.e</u>., a showing of actual innocence or cause and actual prejudice.  Petitioner has shown neither.
3    and his motion to dismiss the indictment [ECF No. 150].

The appellate court affirmed Petitioner's conviction and the denial of the said motion. United States v. Howard, 549 F. App'x 164 (4th Cir. 2013).

The appellate court:

- Rejected Petitioner's claim "that his plea was involuntary based upon his medical and emotional problems and medication and that his counsel and the court should have made a more searching inquiry prior to the Rule 11 hearing and at the motion to withdraw hearing." Id. at 167.

- Rejected Petitioner's claim that "the district court erred in failing to make a sufficient record regarding the threats to investigate and prosecute his mother and the use of these threats to coerce his plea." Id.

- Rejected Petitioner's contention that he had "credibly asserted his innocence." Id. at 168.

- Rejected Petitioner's contention "that he did not have close assistance of competent counsel." Id.

- Held that Petitioner had presented "no evidence in district court (or on appeal) showing that he had a reasonable chance for success at trial." Id.

The appellate court further considered and rejected Petitioner's "remaining claims of error." Id.

The Court need not, and shall not, address Petitioner's claims that were resolved by the appellate court.


B.   Ineffective Assistance of Counsel Claims

If a defendant in a criminal case were denied the effective assistance of counsel, the defendant would have a ground,

cognizable under § 2255, to have his/her conviction vacated. However, to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[4] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]." Id. at 694.

Petitioner has made a series of claims that he was denied the effective assistance of counsel. Initially, he claimed that Charles Curlett, Esquire, his attorney at the time he pleaded guilty, was ineffective. He was appointed successor counsel, Thomas Crowe, Esquire, to advocate his claim that Mr. Curlett had failed to provide effective assistance. After the Court denied the claim against Mr. Curlett, Petitioner claimed that Mr. Crowe had rendered ineffective assistance in regard to the claim. Petitioner was appointed appellate counsel, Mr. Hart, who proceeded on his behalf in the United States Court of Appeals for the Fourth Circuit. After the appellate court ruled

---

4    Thus overcoming a presumption that counsel's conduct (i. e. representation of the criminal defendant) was reasonable. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

against Petitioner, he claimed that Mr. Hart rendered

ineffective assistance.

None of Petitioner's claims of ineffective assistance of

counsel are valid.


1.  Mr. Curlett

In his Motion to Withdraw Guilty Plea [ECF No. 128-1],

Petitioner claimed that his trial counsel, Mr. Curlett:

- Failed to thoroughly investigate my discovery and the facts of the alleged crimes committed.

- Failed to provide me with discovery material, or at least visit enough to give me a chance to properly evaluate all of the information for myself.

- Did not demonstrate reasonable knowledge of my entire case including but not limited to the lack of any material evidence against me.

- Dismissed my claims of innocence, concerns about threats being made to my family by the government, as well as my concern about false and coerced statements that were to be introduced as admissible evidence.

- Has a personal relationship with the prosecutor, Mark Crooks, and ignored emails from Mr. Crooks that clearly showed unethical practices and methods being used by the prosecution.

- Entertained and encouraged the use of threats, coercion, and intimidation, to force me to sign a guilty plea against my will.

- Made post-plea admissions (on a recorded telephone device) that he noticed things about my

case that would now, in retrospect, compel him to
advise me differently.

- Fully knowing that abundant reasonable cause
  existed to show defendants possible incompetence,
  failed to petition the court for a mental
  evaluation.

See also the instant motion [ECF No. 271].

The Court conducted an evidentiary hearing, made

credibility determinations[5]  and found no "reason to doubt that

[Petitioner] had the close assistance of competent counsel.

Indeed two competent counsel who behaved competently." Tr. 49:7-

11, Jan. 22, 2013, ECF No. 204.

As stated by the appellate court:

> Howard contends that he did not have close
> assistance of competent counsel. To prevail
> on this factor, Howard must demonstrate "(1)
> that his counsel's performance 'fell below
> an objective standard of reasonableness' and
> (2) that 'there [was] a reasonable
> probability that, but for counsel's error,
> he would not have pleaded guilty and would
> have insisted on going to trial.'" United
> States v. Bowman, 348 F.3d 408, 416 (4th
> Cir. 2003). Under this standard, this
> court's inquiry is limited to whether
> Howard's counsel "was reasonable 'under
> prevailing professional norms,' and in light
> of the circumstances." Id.

_____

5    As stated by Petitioner's attorney: "[In regard to] the
last [Moore] factor, actually, it's not the last factor, the
fourth one, close assistance of competence of counsel, that's
one where there's a considerable degree of difference between
what my client said and what Mr. Curlett said. It's a matter in
which the Court has to make its own credibility determinations."
Tr. 27:1-6, Jan. 22, 2013, ECF No. 204.

> We find that the district court's conclusions that Howard's attorney acted reasonably were not an abuse of discretion. The court accepted the attorney's testimony that, as there was no chance of success at trial, he instead attempted (and succeeded) in negotiating a beneficial plea agreement. Howard presented no evidence in district court (or on appeal) showing that he had a reasonable chance for success at trial. While Howard further alleges that his attorney improperly assumed his guilt and failed to properly analyze the consequences of filing a motion to suppress, Howard offers no analysis of the evidence showing that his attorney's findings were erroneous.

549 F. App'x at 168.


## 2. Mr. Crowe

Petitioner claims that Mr. Crowe was ineffective because he failed to argue medical issues in the withdrawal motion hearing. As stated by the appellate court:

> Howard claims that his plea was involuntary based upon his medical and emotional problems and medication and that his counsel and the court should have made a more searching inquiry prior to the Rule 11 hearing and at the motion to withdraw hearing. This claim was waived by Howard at his hearing on his motion to withdraw when he explicitly stated that he was not pursuing it. This statement followed the court's request that everything on which Howard was relying should be examined and argued so that a proper record of his pro se allegations could be made. Howard fails to even address the waiver on appeal and, accordingly, provides no basis to ignore it.

Id. at 167.

Even if the contention had not been withdrawn, such an argument would not have resulted in Petitioner's being allowed to withdraw his guilty plea.

Petitioner also makes the same claim as to Mr. Crowe, that he did as to Mr. Curlett; that is, that Mr. Crowe failed to investigate defense witnesses.  The claim has no more merit as to Mr. Crowe than it did as to Mr. Curlett.  There has been no showing of the existence of defense witnesses whose testimony would, to any degree of reasonable possibility, result in the acquittal of Petitioner at trial.

### 3.  Mr. Hart

Petitioner claims that his appellate attorney, Dennis M. Hart, Esquire, failed to provide him the effective assistance of counsel.  The specific claim is that Mr. Hart failed to present Petitioner's Rule 11(b)(2) issues in the initial appellate brief.  Thus, according to Petitioner, the appellate court did not consider these issues.

The Court addresses herein, Petitioner's Rule 11(b)(2) contentions and finds them to be meritless.  Accordingly, even if Mr. Hart would have included them in his initial brief, Petitioner has not shown that the result of the appeal would have been any different.

C.  <u>Rule 11 Proceedings</u>

1.  <u>The Plea was Voluntary</u>

Petitioner contends that the Rule 11 proceeding was inadequate to warrant the Court's finding that his plea of guilty was voluntary.  The Government contends that Petitioner's Rule 11 contentions were resolved on direct appeal.  The Court will assume, without finding, that the issues – or some of them – were not resolved on direct appeal.

Petitioner was expressly warned of the importance of a guilty plea and that he could consult with counsel or stop the proceeding at any time. Tr. 3:21-4:6, Sep. 6, 2012, ECF No. 138-1.  He was reminded that he was testifying under oath and that he could ask his attorney for advice at any time. <u>Id.</u> at 4:8-11. He was asked about medication taken and stated he was taking Neurontin, that it did not affect his alertness and his counsel stated that there had been no communication problems. <u>Id.</u> at 5:11-19.

Petitioner expressly confirmed his satisfaction with counsel:

> THE COURT: Okay. Have you had a chance to discuss this case fully with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with his services?
>
> THE DEFENDANT: Yes.

Id. at 8:18-22.

Petitioner was informed of his rights. Id. at 9:11-11:7. These included the right to proceed to trial even if he had in fact committed the crime because "you're not guilty here unless the Government can prove that you committed the crime. So, if you pleaded not guilty, there would be a trial." Id. at 9:15-17.

After being informed of his rights, Petitioner confirmed that he wished to plead guilty.

> THE COURT: [D]o you understand you're giving up all those rights if we go into this plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that's what you wish to do?
>
> THE DEFENDANT: Yes.

Id. at 10:22-11:1.

Petitioner confirmed that he understood that he was convicting himself of a felony, that "it's a serious crime. No guns. It's a bad thing on your record."  Id. at 11:3-7.

The effect of the plea agreement was clearly stated:

> THE COURT: . . . It's not complicated in the sense that you're agreeing -- I have to find that this is appropriate after considering the presentence report, but you're agreeing to a sentence of 384 months, which is mandatory, and one day, where there is discretion, so it's 384 months and one day. Do you understand that?
>
> THE DEFENDANT: Yes.

Id. at 12:16-22.

> THE COURT: . . . Do you agree that there has been no
> promise made to you except what we just talked about?
> That is, you're going to plead guilty to these counts.
> This is the sentence you're going to get. That's it,
> correct?
>
> THE DEFENDANT: Correct.

Id. at 13:9-13.

Petitioner unequivocally admitted guilt:

> THE COURT: Okay. Did you, in fact, commit
> the crimes that are charged?
>
> THE DEFENDANT: Yes.

Id. at 13:14-16.

Petitioner confirmed that he had no questions and wished to
plead guilty. Id. at 20:24-21:3.

The Court incorporates herein the reasons for denying the
motion seeking leave to withdraw stated on the record of
proceedings of January 22, 2013. Tr. 47:16-56:9, Jan. 22, 2013,
ECF No. 204.

The Court reiterates its finding at the Rule 11 proceeding
that Petitioner properly and effectively pleaded guilty to the
charges at issue.  As then stated:

> I find that you know your rights,
> you're well represented, you have made a
> decision that's in your best interests, and
> the plea is made with -- voluntarily
> and with knowledge of your rights;
> therefore, it's accepted.

Tr. 21:4-7, Sep. 6, 2012, ECF No. 138-1.

2.   The "Penalties of Perjury Claim

Petitioner claims that he should have been warned that
false testimony could result in a perjury charge.   The Court
finds that there was substantial compliance with Rule
11(a)(1)(A)[6] without the use of the word "perjury."   Petitioner
was given the oath, swore to tell the truth and was told that he
was "testifying under oath, which is serious." Tr. 4:8, Sep. 6,
2012, ECF No. 138-1.

By no means did Petitioner suffer prejudice at all, much
less of constitutional magnitude, by virtue of the omission of
the word "perjury" in the warning given to him.   See United
States v. White, 572 F. 2d 1007, 1009 (4th Cir. 1978).   Indeed,
it appears that the only conceivable prejudice that could arise
would be if Petitioner were prosecuted for perjury for a false
statement made in the Ryle 11 proceeding.   Even then, he could
seek to use – in some fashion – the absence of express reference
to "perjury" as a defense or mitigating factor.


3.   The "Civil Rights" Claim

Petitioner contends that he was not advised that, by virtue
of his conviction, he would suffer a loss of civil rights.
Petitioner was advised, however, that he was pleading guilty to

---

6    All Rule references are to the Federal Rules of Criminal
Procedure.

a felony.  Tr. 11:3-4, Sep. 6, 2012, ECF No. 138-1.  The Court stated: "It's a serious crime. No guns. It's a bad thing on your record."  Id. at 11:6-7.

The Court finds that there was no need for the use of the words "civil rights."  Petitioner was told about, and was aware, of the consequences of a felony conviction.

Moreover, since Petitioner was already a convicted felon, there would have been no loss of civil rights resulting from another felony conviction.

There was no prejudice to Petitioner by virtue of the omission of the words "civil rights" from the Court's statement.


D.   The Alleyne Issue

Petitioner claims that he was improperly convicted of brandishing a firearm because there was no jury finding of guilt, relying upon Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013).  Alleyne held that a jury finding of brandishing a firearm is required if in the sentencing context, the finding would be used to increase ae mandatory minimum sentence. Id. at 2162.  However, in the instant case, Petitioner pleaded guilty to the offense, thus waiving his right to a trial by jury.  Moreover, Petitioner signed the plea agreement and stipulated to facts that established the brandishing charge.

E.   <u>The Two § 924(c) Convictions</u>

The Superseding Indictment [ECF No. 20] charged Petitioner with violations of 18 U.S.C. § 924(c) in Count Ten and Count Thirteen.  The heading of Count Thirteen, by virtue of a typographical error, labeled the charge therein as "Hobbs Act Robbery."  <u>Id.</u> at 19.  However, the text of the Count referred to the use, etc. of a firearm in furtherance of a crime of violence and stated that the charge was brought under 18 U.S.C. §§ 924(c)(1)(A)(i)and (ii).

Furthermore, the plea agreement identified Count 13 as a charge under § 924(c) and, at the Rule 11 proceeding, Petitioner was specifically informed that he was pleading to a § 924(c)(1)(A) charge.

> THE COURT: . . . You received a copy of the Indictment that charges you in this case. I'm going to ask Mr. Crooks or Mr. Budlow to briefly describe the charges you're pleading guilty to.
>
> MR. CROOKS: The three charges -- that is, Counts 1,10, and 13 -- are as follows: Count 1 is conspiracy to interfere with commerce by robbery -- that's in violation of 18 U.S. Code § 1951, and Counts 10 and 13 are both the use and the brandish of a firearm in furtherance of a crime of violence, and that's in violation of 18 U.S. Code § 924(c)(1)(A).

Tr. 5:21-6:5, Sep. 6, 2012, ECF No. 138-1.

The typographical error in the Superseding Indictment did not at all affect Petitioner's knowledge of the charges against

15

him nor adversely affect any substantial rights of his.  The
indictment adequately set forth the charge against him in Count
13.


### F.   The Unrelated D.C. Robbery

Petitioner asserts that he was "convicted" of an unrelated
robbery in Washington, D.C.  He was not.  Moreover, that
robbery was not considered in regard to his sentence.

The Superseding Indictment [ECF No. 20] included in
paragraph 14 a reference to an overt act consisting of a May 22,
2008 robbery in Washington, D.C. committed by Defendants Wilson
and McCullum "and other co-conspirators."  Id. at 4.  Petitioner
was not accused of participating in that robbery, did not admit
that he participated in it, and the robbery was not a factor in
regard to his sentence.


## III.  CONCLUSION

For the foregoing reasons:

    1.   Petitioner's Amended Motion to Vacate, Set Aside,
         or Correct Sentence [Document 271] is DENIED.

    2.   Judgment shall be entered by separate Order.

SO ORDERED, on Wednesday, March 9, 2016.


                              _____/s/_____
                                  Marvin J. Garbis
                              United States District Judge